UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA DAVIS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>REBEL CREAMERY LLC,<br><br>　　　　　Defendant. | Case No. 22-cv-04111-TSH<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 12 |

## I.   INTRODUCTION

Plaintiffs Angela Davis and Bonnie Bennett bring this putative class action against Rebel Creamery LLC, alleging Rebel falsely marketed its ice cream as healthier than other ice creams in the marketplace. Plaintiffs now move the Court to permit alternative service on Rebel pursuant to Federal Rule of Civil Procedure 4. ECF No. 12. For the reasons stated below, the Court **DENIES** Plaintiffs' motion **WITHOUT PREJUDICE** and **EXTENDS** the deadline to complete service to December 16, 2022.

## II.   BACKGROUND

Plaintiffs filed this case on July 13, 2022, alleging Rebel "engages in a deceptive marketing campaign to convince consumers that [its] Products are nutritious and healthful to consume, and are more healthful than similar products." Compl. ¶ 3, ECF No. 1. They assert claims for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, violation of California's False Advertising Law, *id.* § 17500, *et seq.*, violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, breach of express warranty, breach of implied warranty of merchantability, and unjust enrichment. Compl. ¶¶ 155-241.

Rebel Creamery LLC is a Utah company with its principal place of business in Midway, Utah. *Id.* ¶ 26. On July 27 Plaintiffs' process server attempted service at the only address listed

on the State of Utah Division of Corporations and Commercial Code's database for REBEL CREAMERY LLC: 125 W MAIN ST #504 MIDWAY, UT 84049.  Mot. at 2 & Ex. A (Utah.gov page for REBEL CREAMERY LLC).  However, the process server was unable to complete service because the registered address is a United States Post Office.  *Id.* at 2-3 & Ex. B (Return of Non-Service).  Plaintiffs allege Rebel "improperly registered its company in a way to obfuscate that it used a PO Box rather than a physical location authorized to accept service," and that "[t]his was knowingly done to avoid service because a company cannot be registered to a PO Box in the State of Utah."  *Id.* at 3.

On November 11, service was attempted at 65 White Pine Canyon Road, Park City, UT 84060, a residential address that the company recently used on trademark documents with the United States Patent and Trademark Office.  *Id.* at 3 & Ex. C.  Service was not completed because the Park City residence is located in a gated community, and the private security at the gate's entrance would not let the process server enter the neighborhood.  *Id.*

Plaintiffs filed the present motion on November 17, stating that their process server has been unable to successfully effectuate service upon Rebel at the address of its registered agent for service of process or at any other known address used by the company.  *Id.*  Plaintiffs believe that the Park City address is the true address where Rebel may be served through its authorized agent and owner, Austin Archibald, and therefore request the Court permit them to complete service by mailing a true and correct copy of the filed Summons and Complaint simultaneously by U.S.P.S. first class and certified return receipt requested mail as follows:

> Rebel Creamery LLC
> c/o Austin Archibald
> 65 White Pine Canyon Road
> Park City, UT 84060
>
> and
>
> Rebel Creamery LLC
> c/o Austin Archibald
> PO Box 504
> Midway, Utah, 84049

*Id.* at 4.  Plaintiffs also seek to continue the case management conference, currently scheduled for December 15, 2022, and all related deadlines.  *Id.*

### III. LEGAL STANDARD

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of the summons and complaint must be satisfied. *Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure 4(h) governs service of process on corporations. It provides that a corporation may be served pursuant to the law of the state where the district court is located—here, California—or where service is to be made—here, Utah. *See* Fed. R. Civ. P. 4(h)(1)(A) (referring to service under Rule 4(e)(1), which provides for service pursuant to state law).

California law allows for five basic methods of service: 1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; 2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), *see id.* § 415.20; 3) service by mail with acknowledgment of receipt, *see id.* § 415.30; 4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40; and 5) service by publication, *see id.* § 415.50.

### IV. DISCUSSION

Plaintiffs seek to serve Rebel by alternative means because their attempts at personal service have been unsuccessful. However, there is no indication they have attempted service pursuant to California Code of Civil Procedure section 415.40, which provides that process may be served on a corporation outside of the state by "sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." Cal. Code Civ. Proc. § 415.40. "Service of a summons by this form of mail is deemed complete on the 10th day after such mailing." *Id.* The Ninth Circuit has found that process by certified mail is proper for out-of-state defendants. *Clark v. Andover Secs.*, 44 Fed. App'x 228, 229 (9th Cir. 2002); *see also Sanrio, Inc. v. Jay Yoon*, 2012 WL 610451, at *3 (N.D. Cal. Feb. 24, 2012).

Under section 415.40, the summons and complaint must be mailed "to a person to be served on behalf of the corporation, i.e., to one of the individuals specified in section 416.10." *Dill v. Berquist Constr. Co.*, 24 Cal. App. 4th 1426, 1436 (1994); *Bd. of Trustees of Carpenters*

3

1  *Health & Welfare Tr. Fund for California v. Acoustictec*, 2009 WL 1312917, at *2 (N.D. Cal.
2  May 12, 2009). Section 416.10 provides that a corporation may be served by delivering a copy of
3  the summons and the complaint to "the president, chief executive officer, or other head of the
4  corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a
5  controller or chief financial officer, a general manager, or a person authorized by the corporation
6  to receive service of process." Cal. Code Civ. Proc. § 416.10(b). Therefore, in order to properly
7  serve an out of state corporation under these statutes, a plaintiff may serve an appropriate person
8  listed under section 416.10 with the appropriate method outlined in section 415.40. "While
9  addressing the process to the corporate defendant itself is not sufficient, addressing it to the
10  appropriate person by their title alone will suffice." *Bender v. STMicroelectronics Corp.*, 2009
11  WL 10736869, at *2 (N.D. Cal. Nov. 24, 2009) (citing *Dill*, 24 Cal. App. 4th at 1438 n.11).

12  The Court notes that California law does not prohibit service by mail to a post office box.
13  *See TransAmerica Title Ins. Co. v Hendrix*, 34 Cal. App. 4th 740, 745 (1995) (a post office box is
14  a sufficient address for service under section 415.30 where it's the address most likely to provide
15  actual notice); *Buckelew v. Gore*, 2020 WL 4188166, at *5 (S.D. Cal. July 21, 2020), *report and*
16  *recommendation adopted*, 2020 WL 5257845 (S.D. Cal. Sept. 3, 2020) ("Although the CCP does
17  not provide what types of addresses are sufficient for service by mail under § 415.30, at least one
18  California appellate court has found that a post office box is a proper address.").

19  As such, the Court finds Plaintiffs' request for alternative service is premature. Instead,
20  the Court **ORDERS** Plaintiffs to complete service in compliance with section 415.40 at these
21  addresses:

22  
23  Rebel Creamery LLC
    c/o Austin Archibald
    65 White Pine Canyon Road
    Park City, UT 84060

24  
25  and

26  Rebel Creamery LLC
    c/o Austin Archibald
27  PO Box 504
    Midway, Utah, 84049

28  Plaintiffs shall mail not only a copy of the complaint and summons, but two copies of a notice and

4

United States District Court
Northern District of California

acknowledgement form and a pre-addressed return envelope with postage paid.  Plaintiffs shall also include a copy of this order.  As the current service deadline is November 17, *see* ECF No. 11, the Court shall extend the deadline to December 16, 2022.

## V.    CONCLUSION

For the reasons stated above, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion for alternative service and **EXTENDS** the deadline for service to December 16, 2022.  If Plaintiffs are unsuccessful, any renewed request for alternative service must include citation to the legal authority that permits the manner of service requested, including any relevant statute(s), as well as cases that have allowed the type of service requested, preferably from within this District.

The case management conference is **CONTINUED** to January 26, 2023 at 10:00 a.m. by Zoom video conference.  The webinar link and instructions are located at https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/.  By January 19, 2023, the parties shall file a Joint Case Management Statement containing the information in the Standing Order for All Judges in the Northern District of California, available at: http://cand.uscourts.gov/tshorders.  The Joint Case Management Statement form may be obtained at: http://cand.uscourts.gov/civilforms.  All related deadlines are adjusted accordingly.

**IT IS SO ORDERED.**

Dated: November 18, 2022

_____
THOMAS S. HIXSON
United States Magistrate Judge