BRENT E. JOHNSON (SBN: 133323)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone:     (801) 799-5800
Facsimile:      (801) 799-5700
bjohnson@hollandhart.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ANGELA DAVIS and BONNIE BENNETT,
individually, and on behalf of those similarly
situated,

        Plaintiffs,

    v.

REBEL CREAMERY LLC,

        Defendant.

Case No. 3:22-cv-04111

**DEFENDANT REBEL CREAMERY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Magistrate Judge Thomas S. Hixson
Date: March 16, 2023
Time: 10:00 a.m.

1

## **TABLE OF CONTENTS**

2                                                                                                                                    **Page**

3     TABLE OF AUTHORITIES ....................................................................................................3

4     I.        INTRODUCTION ........................................................................................................6

5     II.       ARGUMENT.................................................................................................................7

6
               A.        To state a claim for relief under the UCL, FLRA, and CCPA,
7                        Plaintiffs must plausibly allege that reasonable consumers are
                         likely to be misled by Rebel Creamery's statements.......................................7
8
                         1.        The reasonable consumer standard applies to all of
9                                  Plaintiffs claims, including their claim under the UCL. .....................7

10                       2.        Plaintiffs misstate the reasonable consumer test................................9

11             B.        Plaintiffs allege "statements" that Rebel Creamery has not made.................10
12
               C.        Reasonable consumers are unlikely to be misled to believe that
13                       Rebel Creamery's Products are low in fat because they claim to
                         be "high fat."..................................................................................................11
14
               D.        Plaintiffs fail to plead with specificity any claims arising from
15                       alleged class members' reliance on online statements..................................12

16    III.      CONCLUSION...........................................................................................................14

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REPLY IN SUPPORT OF ITS
                                                                            MOTION TO DISMISS

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Allergan United States v. Imprimis Pharm., Inc.*,
No. SA CV 17-1551-DOC, 2017 U.S. Dist. LEXIS 223117 (C.D. Cal. Nov. 14, 2017) ......... 8

*Ang v. Bimbo Bakeries USA, Inc.*,
No. 13-CV-01196-WHO, 2014 U.S. Dist. LEXIS 34443 (N.D. Cal. Mar. 13, 2014) ............ 13

*Balser v. Hain Celestial Grp., Inc.*,
640 F. App'x 694 (9th Cir. 2016) ........................................................................................ 10

*Bruton v. Gerber Prod. Co.*,
703 F. App'x 468 (9th Cir. 2017) .......................................................................................... 6

*Chem. Specialties Mfrs. Ass'n, Inc. v. Allenby*,
958 F.2d 941 (9th Cir. 1992) ............................................................................................... 12

*Gitson v. Trade Joe's Co.*,
No. 13-cv-01333-VC, 2015 U.S. Dist. LEXIS 170401 (N.D. Cal. Dec. 1, 2015) .................. 8

*Hawkins v. Kroger Co.*,
906 F.3d 763 (9th Cir. 2018) ................................................................................................. 8

*In re Arris Cable Modem Consumer Litig.*,
No. 17-cv-01834, 2018 U.S. Dist. LEXIS 1817 (N.D. Cal. Jan. 4, 2018) .............................. 12

*In re iPhone 4s Consumer Litig.*,
No. C 12-1127 CW, 2014 U.S. Dist. LEXIS 19363 (N.D. Cal. Feb. 14, 2014) ..................... 10

*In re Tobacco II Cases*,
46 Cal. 4th 298, 93 Cal. Rptr. 3d 559, 207 P.3d 20 (2009) ................................................ 7, 8

*Jones v. Nutiva, Inc.*,
No. 16-cv-00711-HSG, 2016 U.S. Dist. LEXIS 12989 (N.D. Cal. Sept. 22, 2016) .............. 11

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ............................................................................................... 7

*Klammer v. Mondelez Int'l, Inc.*,
No. 22-cv-02046-JSW, 2023 U.S. Dist. LEXIS 2939 (N.D. Cal. Jan. 4, 2023) ..................... 8

*Kordel v. United States*,
335 U.S. 345 (1948) ............................................................................................................. 12

*Krommenhock v. Post Foods, LLC*,
No. 16-cv-04958-WHO, 2018 U.S. Dist. LEXIS 42938 (N.D. Cal. Mar. 15, 2018) .............. 11

DEFENDANT'S REPLY IN SUPPORT OF ITS
                                                        MOTION TO DISMISS

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310, 120 Cal. Rptr. 3d 741, 246 P.3d 877 (2011) ..................................................8

*Lavie v. Procter & Gamble Co.*,
   105 Cal. App. 4th 496 (2003) .......................................................................................8

*Lentz v. Sanderson Farms, Inc.*,
   No. 19-cv-06570-RS, 2020 U.S. Dist. LEXIS 260468 (N.D. Cal. Feb. 10, 2020)............12, 13

*Moore v. Mars Petcare US, Inc.*,
   966 F.3d 1007 (9th Cir. 2020) ....................................................................................11

*Silva v. B&G Foods, Inc.*,
   No. 20-cv-00137-JST, 2021 U.S. Dist. LEXIS 137792 (N.D. Cal. July 23, 2021)..................8

*United States v. El-O-Pathic Pharmacy*,
   192 F.2d 62 (9th Cir. 1951) ..........................................................................................8

*Weiss v. Trader Joe's Co.*,
   838 F. App'x 302 (9th Cir. 2021) ..................................................................................9

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th Cir. 2008) ......................................................................................10

*Yastrab v. Apple, Inc.*,
   No. 5:14-cv-01974-EJD, 2015 U.S. Dist. LEXIS 37119 (N.D. Cal. Mar. 23, 2015)..............10

### STATUTES

21 U.S.C. § 321(m).............................................................................................................12

Cal. Bus. Prof. & Code § 17204 ...........................................................................................8

Food Drug and Cosmetic Act ................................................................................................5

Sherman Food, Drug and Cosmetic Law, Cal. Health & Saf. Code §§ 110765, *et seq.*...........5, 6, 7

California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* .... passim

Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.* ...................... passim

False Advertising Law ("FAL"), Cal. Bus. Prof. Code §§ 17500, *et seq.*............................. passim

### OTHER AUTHORITIES

Fed. R. Civ. P. 9(b) ...................................................................................................... passim

Fed. R. Civ. P. 12(b)(6)................................................................................................. passim

Case No. 3:22-cv-04111

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS

Prop. 64, § 1, subds. (b), (e), (f)............................................................................................................8

Case No. 3:22-cv-04111

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS

1

**I.       INTRODUCTION**

2         Plaintiffs attempt—and fail—to change the narrative of their Complaint to remedy the

3  deficiencies in their pleading.  Plaintiffs' Opposition reframes the underlying bases for their

4  claims as per se violations of the Sherman Food, Drug and Cosmetic Law, Cal. Health & Saf.

5  Code §§ 110765, *et seq.* (the "Sherman Law") and the Food Drug and Cosmetic Act ("FDCA")

6  and its implementing regulations.  While Plaintiffs sprinkle vague references to these statutes

7  throughout the Complaint, their claims for relief rely entirely on their allegations that Rebel

8  Creamery's packaging, advertising, and other "conduct" misled reasonable consumers to believe

9  that its Products were "healthy, healthful, better for them, and a healthier alternative to

10 competing products."  Compl. at ¶¶ 11, 19, 20, 21, 23.  Plaintiffs have failed to plausibly allege

11 that a reasonable consumer of Rebel Creamery's Products would be misled to believe that the

12 Products are not "high fat."  In fact, Plaintiffs' Opposition ignores the "high fat," "full fat," and

13 "Keto" claims printed clearly on the Product labeling, choosing instead to turn their attention to

14 the "low carb" claim.  Notably, Plaintiffs did not allege that the "low carb" claim was fraudulent,

15 untruthful, or misleading in the Complaint.

16        This is too little too late.  Plaintiffs cannot remedy the deficiencies in their Complaint in

17 their Opposition.  Plaintiffs' new assertions set forth in the Opposition necessarily fail because

18 they are borne out of the same four fatal flaws in the Complaint that require dismissal.  First,

19 Plaintiffs fail to plausibly allege that reasonable consumers are likely to be misled by Rebel

20 Creamery's purported statements.  Plaintiffs' Opposition attempts to evade this obligation by

21 reversing course to assert that Plaintiffs' claims are *not* based in allegations of misrepresentation,

22 despite the Complaint asserting the contrary.  Further, Plaintiffs attempt to gut the reasonable

23 consumer standard to argue that it merely requires speculation that an "ignorant" or "unthinking"

24 consumer could unreasonably interpret the plain language on a label into meaning something

25 else entirely.  Second, Plaintiffs' Complaint and Opposition rely entirely on alleged statements

26 that Rebel Creamery never made.  These "statements" are entirely contrary to the larger context

27 of Rebel Creamery's packaging and, therefore, cannot form a basis for Plaintiffs' claims.  Third,

28

DEFENDANT'S REPLY IN SUPPORT OF ITS
                                                                                            MOTION TO DISMISS

1   Plaintiffs ignore the remainder of the claims on Rebel Creamery's pint packaging—notably the

2   declarations that the Products are "Keto," "high fat," or "full fat."  No *reasonable* consumer

3   could view those claims and conclude that the Products are not "high fat."  Fourth, and finally,

4   Plaintiffs cannot overcome the lack of standing for their claims based on alleged online

5   statements.  Rebel Creamery's online advertising and other statements do not "accompany" the

6   Products and, thus, are not considered part of the Product labeling for purposes of ascertaining

7   the Plaintiffs' standing.  Moreover, Plaintiffs' failure to meet Fed. R. Civ. P. 9(b) pleading

8   requirements extends to the entirety of the alleged class.

9        These fundamental errors cannot be remedied through Plaintiffs' Opposition or through

10  amendment of Plaintiffs' Complaint. For these reasons, Rebel Creamery respectfully requests

11  that this Court dismiss Plaintiffs' Complaint with prejudice.

12  **II.    ARGUMENT**

13       **A.    To state a claim for relief under the UCL, FLRA, and CCPA, Plaintiffs must**

14  **plausibly allege that reasonable consumers are likely to be misled by Rebel Creamery's**

15  **statements.**

16            **1.    The reasonable consumer standard applies to all of Plaintiffs claims,**

17            **including their claim under the UCL.**

18       Plaintiffs must meet the reasonable consumer standard to adequately plead all of their

19  claims—including their claim under the UCL—because the basis for Plaintiffs' claims is

20  misrepresentation, not violation of the Sherman Law or FDA regulations.  Plaintiffs purport to

21  quote *Bruton v. Gerber Prod. Co.*, 703 F. App'x 468, 472 (9th Cir. 2017), for the proposition

22  that "[t]he reasonable consumer standard does not apply to unlawful prong claims premised

23  under the Sherman Law."  Opp. at 5.  But *Bruton* does not state this.  Instead, the 9th Circuit held

24  that California precedent sets forth "that the reasonable consumer test is a requirement under the

25  UCL's unlawful prong only when it is an element of the predicate violation."  *Bruton*, 703 F.

26  App'x at 472.  While a predicate violation of the Sherman Law may not require demonstrating

27  that the public is likely to experience deception, a predicate violation based on misrepresentation,

28

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS

1   fraud, or false advertising certainly does.  *Id.*; *see also In re Tobacco II Cases*, 46 Cal. 4th 298,

2   93 Cal. Rptr. 3d 559, 207 P.3d 20, 25-26, 39 (2009) (plaintiffs "proceeding on a claim of

3   misrepresentation as the basis of his or her UCL action *must demonstrate* actual reliance on the

4   allegedly deceptive or misleading statements" and that the alleged "misrepresentation was an

5   immediate cause of the injury-producing conduct.").

6          The predicate offense set forth in Plaintiffs' Complaint is inarguably one of

7   misrepresentation—not of per se violation of the Sherman Law.  At the outset, Plaintiffs allege

8   that "[r]easonable consumers purchased the Products believing, among other things, that they

9   were accurately represented" and that both the named plaintiffs relied on Rebel Creamery's

10  "misrepresentation" that the Products were "healthy, healthful, better for them, and a healthier

11  alternative to the competition."  Compl. at ¶¶ 11, 19, 20, 21, 23.  Plaintiffs' claim for relief under

12  the UCL unlawful prong asserts that "Defendant's labeling and advertising of the Products"

13  violates the CLRA, FAL, and the Sherman Law.  Compl. at ¶ 159.  Though Plaintiffs generally

14  mention the Sherman Law[1], they go on to assert that it is Rebel's "packaging, labeling, and

15  advertising of the Products . . . [that] is false, deceptive, misleading, and unreasonable" and,

16  therefore, is "unlawful conduct" under the UCL.  Compl. at ¶¶ 160-61.  Further, Plaintiffs devote

17  several paragraphs of their Complaint to the "fraudulent prong" of the UCL, alleging again that

18  "Defendant's labeling and advertising of the Products as being healthy, healthful, better for them,

19  and a healthier alternative to the competition is likely to deceive members of the public into

20  believing that the Products are healthier and better for consumers than they are in reality" and

21  that "Defendant's advertising of the Products . . . is false, deceptive, misleading, and

22  unreasonable and constitutes fraudulent conduct."  Compl. ¶¶ 186-90.  The gravamen of

23  Plaintiffs' UCL claim is thus one of misrepresentation, not one of violation of the Sherman Law

24  or FDA regulations.

25

26  _____
    [1] Further, Plaintiffs' claims under the CLRA, UCL, and FAL must be plead with particularity to satisfy Rule 9(b).
    *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  Plaintiffs' vague allusion to the Sherman Law
27  without any specific statement as to how Rebel Creamery's alleged statement violates the Sherman Law and
    Plaintiffs' harm that specifically arose from violation of the Sherman Law is insufficient.
28

1   Moreover, "regardless of the predicate basis for a UCL claim, 'California law . . .

2   requires causation—namely, that the plaintiff relied on the misrepresentation on the label.'"

3   *Silva v. B&G Foods, Inc.*, No. 20-cv-00137-JST, 2021 U.S. Dist. LEXIS 137792, at *3 n.2 (N.D.

4   Cal. July 23, 2021) (quoting *Hawkins v. Kroger Co.*, 906 F.3d 763, 768 (9th Cir. 2018)).  Cal.

5   Bus. Prof. & Code § 17204 requires consumer class action plaintiffs to assert causation to

6   "prevent abusive UCL actions by attorneys whose clients had not been 'injured in fact' or used

7   the defendant's product or service."  *Allergan United States v. Imprimis Pharm., Inc.*, No. SA

8   CV 17-1551-DOC (JDEx), 2017 U.S. Dist. LEXIS 223117, at *39 (C.D. Cal. Nov. 14, 2017)

9   (quoting Prop. 64, § 1, subds. (b), (e), (f)).  Because "reliance is the causal mechanism of fraud,"

10  Plaintiffs "must demonstrate actual reliance on the allegedly deceptive or misleading

11  statements."  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326, 120 Cal. Rptr. 3d 741, 754,

12  246 P.3d 877, 888 (2011) (citing *In re Tobacco II Cases*, 207 P.3d at 39).

13        **2.**      **Plaintiffs misstate the reasonable consumer test.**

14  Adding insult to injury, Plaintiffs woefully underestimate the reasonable consumer,

15  contending that a label is misleading if it is likely to deceive the "the ignorant, the unthinking

16  and the credulous who, when making a purchase, do not stop to analyze."  Opp. at 9 (quoting

17  *United States v. El-O-Pathic Pharmacy*, 192 F.2d 62, 75 (9th Cir. 1951)).  This is not the

18  reasonable consumer standard.  *See Gitson v. Trade Joe's Co.*, No. 13-cv-01333-VC, 2015 U.S.

19  Dist. LEXIS 170401, at *3-5 n.1 (N.D. Cal. Dec. 1, 2015) (holding that, while some courts

20  previously suggested that a label is misbranded if it is "misleading to the least sophisticated of

21  consumers (even if it is not misleading to the reasonable consumer)," the majority of courts and

22  FDA guidance indicate that a label is only misbranded "if it is misleading to an *ordinary*

23  consumer.")  Rather, to sufficiently plead their claims under the UCL, FAL, and CLRA,

24  Plaintiffs must, at a minimum, demonstrate "that it is *probable* that a significant portion of the

25  general consuming public or of targeted consumers, acting reasonably in the circumstances,

26  could be misled."  *Klammer v. Mondelez Int'l, Inc.*, No. 22-cv-02046-JSW, 2023 U.S. Dist.

27  LEXIS 2939, at *4 (N.D. Cal. Jan. 4, 2023) (citing *Lavie v. Procter & Gamble Co.*, 105 Cal.

28

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS

1  App. 4th 496, 508 (2003)).  That is, Plaintiffs must allege more than a mere possibility that some

2  "ignorant" or "unthinking" consumer could, by choosing to read only selective words on Rebel

3  Creamery's packaging while ignoring the whole of the label, conclude that Rebel Creamery's

4  Products do not contain high amounts of fat.  Plaintiffs cannot overcome this hurdle.

5       **B.**     **Plaintiffs allege "statements" that Rebel Creamery has not made.**

6       Plaintiffs' Opposition suffers from the same error pervasive in its Complaint: the absence

7  of any specific representations attributed to Rebel Creamery that are misleading.  Plaintiffs

8  contend that Rebel Creamery "represents that the Product contains 'healthy fats,'" that "the

9  Products are 'healthy'," and that the "Product[s] [are] healthful, healthy, consisting of healthy

10  fats, and a healthier alternative to competitors."  Opp. at 10, 23; Compl. at ¶¶ 19, 20, 21, 23, 130,

11  132, 166, 173, 179, 187, 191, 194, 205.  Simply put, Rebel Creamery does not make these

12  representations on its labeling, advertising, website, or elsewhere.  *See* Motion at 13.  As

13  Plaintiffs concede, and what is readily apparent from Rebel Creamery's packaging, the pint

14  states:

15  
16          Many have discovered that eating foods high in healthy fats and low in carbs/sugar trains your body to burn fat instead of sugar as an energy source.  Common benefits people may experience on a low carb, high fat diet are weight loss, increased energy, suppressed appetite, and mental clarity.

17  
18  Compl. at ¶ 5.

19       Though whether a food label is misleading to reasonable consumers must be determined

20  through consideration of the packaging or advertisement "as a whole," Plaintiffs would have this

21  Court reject the plain language on Rebel Creamery's packaging as merely a "different

22  interpretation."  Opp. at 12.  This is unreasonable.  Plaintiffs' Complaint and Opposition rely

23  entirely on "cherry-pick[ed] discrete statements," which ignore the "full context" of Rebel

24  Creamery's packaging to plead deception.  *Weiss v. Trader Joe's Co.*, 838 F. App'x 302, 303

25  (9th Cir. 2021).

26       Plaintiffs cite to two Ninth Circuit decisions in which they contend the Court "reversed

27  dismissal on the pleadings where the court adopted a defendant's interpretation over a plaintiff's

28  

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

1  *reasonable* interpretation."  Opp. at 12 (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938

2  (9th Cir. 2008) and *Balser v. Hain Celestial Grp., Inc.*, 640 F. App'x 694, 696 (9th Cir. 2016)).

3  But, in those cases, both plaintiff and defendant offered an interpretation of the plain language on

4  the packaging or advertisement at issue.  *See Williams*, 552 F.3d at 938 (plaintiffs and defendants

5  each provided a different interpretation of what the phrase "all natural ingredients" meant that all

6  ingredients in the product were "natural"); *Balser*, 640 F. App'x at 696 (plaintiffs and defendants

7  each provided a different *definition* of "natural").  Here, Rebel Creamery is not offering an

8  alternative "interpretation" of the language on its Product packaging—it is merely restating the

9  exact words printed on the pint.  Meanwhile, Plaintiffs are not presenting a *reasonable*

10  interpretation.  Plaintiffs have extracted two words out of the larger context in which they exist

11  and added in claims that Rebel Creamery has never made.

12         Plaintiffs' creative liberties cannot overcome the hurdle of Fed. R. Civ. P. 9(b)'s

13  requirement to plead a claim sounding in fraud with particularity.  "[A]t the very least," Plaintiffs

14  must "describe some specific statements, state where or on what medium those statements were

15  made, and reveal how Plaintiff[s] accessed them."  *Yastrab v. Apple, Inc.*, No. 5:14-cv-01974-

16  EJD, 2015 U.S. Dist. LEXIS 37119 at *13-15 (N.D. Cal. Mar. 23, 2015); *see also In re iPhone*

17  *4s Consumer Litig.*, No. C 12-1127 CW, 2014 U.S. Dist. LEXIS 19363, at *17-18 (N.D. Cal.

18  Feb. 14, 2014) ("Rule 9(b) therefore requires Plaintiffs to aver specifically the statements they

19  relied upon in making their purchases, what is false or misleading about the statements, and why

20  those statements turned out to be false.").  If the alleged statements are nowhere to be found on

21  Rebel Creamery's packaging, advertising, or elsewhere, Plaintiffs necessarily cannot satisfy

22  Rule 9(b)'s pleading standards and their Complaint must be dismissed with prejudice.

23      **C.**    **Reasonable consumers are unlikely to be misled to believe that Rebel**

24  **Creamery's Products are low in fat because they claim to be "high fat."**

25         Notably, Plaintiffs fail to mention the claims that *are* printed on all of Rebel Creamery's

26  Product packaging in bold, black font around the lid: "Keto" and "high fat" or "full fat."  Despite

27  the absence of any allegations relying on the "low carb" language or any legal theory regarding

28

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS

1  nutrient content claims in their Complaint[2], Plaintiffs' Opposition now asserts that Rebel

2  Creamery's Product packaging "broadcasts" the Product benefits—such as being "low carb"—

3  without disclosing "negative aspects"—such as the Products' fat content.  Opp. 14.  Plaintiffs

4  further repeat their myopic view of the "healthy fats" language on the Product side label to assert

5  that reasonable consumers have been duped into believing that Rebel Creamery's Products are

6  not high in fat.

7          Not only were many of these allegations not plead in the Complaint, but they must

8  necessarily fail because they ignore the greater context of Rebel Creamery's packaging.  As

9  Plaintiffs state, to survive dismissal, they must sufficiently plead that the alleged statements,

10  "taken individually and in the *context of the label as a whole* misleadingly imply that

11  Defendant's Products are healthy."  Opp. at 16 (citing *Jones v. Nutiva, Inc.*, No. 16-cv-00711-

12  HSG, 2016 U.S. Dist. LEXIS 12989, at *7 (N.D. Cal. Sept. 22, 2016)).  Plaintiffs have, instead,

13  "isolate[d] and analyze[d]" the alleged misstatements "on a stand-alone basis without

14  considering the context of the label as a whole."  *Jones*, 2016 U.S. Dist. LEXIS 12989, at

15  *20-21.  Plaintiffs contend that reasonable consumers would ignore all the words on the Product

16  labeling that make obvious that Rebel Creamery's Products are "high fat" or "full fat"[3] and,

17  instead, leap to the absurd conclusion that the Products are low in fat.  Again, Plaintiffs'

18  allegations are insufficient to meet the requisite pleading standards and require dismissal of the

19  Complaint.

20          D.      **Plaintiffs fail to plead with specificity any claims arising from alleged class**

21  **members' reliance on online statements.**

22          Finally, Plaintiffs cannot overcome their lack of standing to assert nebulous claims about

23

24  [2] To be clear, the alleged "healthy fats" statement on Rebel Creamery's Products is not a nutrient content claim
because it is not a direct or connected reference to the nutrient content of the Product.  See *Krommenhock v. Post*

25  *Foods, LLC*, No. 16-cv-04958-WHO, 2018 U.S. Dist. LEXIS 42938, at *17 (N.D. Cal. Mar. 15, 2018).  Rather, the
"healthy fats" statement is clearly made in the context of the Keto Diet—not Rebel Creamery's Products—and does

26  not trigger the requirements for products that make nutrient content claims.  See Motion at 15.

27  [3] These claims are further supported by the nutrition facts panel which, as Plaintiffs point out several times,
indicates that Rebel Creamery's Products are "high fat."  *See Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017

28  (9th Cir. 2020) (front label claim is not misleading if it is confirmed by the back label of the product).

DEFENDANT'S REPLY IN SUPPORT OF ITS
                                                                    MOTION TO DISMISS

1  Rebel Creamery's marketing outside of the Product's label because Rebel Creamery's

2  advertising and website do not "accompany" the Products and Plaintiffs cannot point to any

3  authority justifying their failure to specifically allege reliance on non-label statements.

4  Labeling may include "all labels and other written, printed or graphic matter . . .

5  accompanying such article." 21 U.S.C. § 321(m).  Plaintiffs contend that "accompanying" may

6  be interpreted so broadly as to extend to any "statements not attached to the product itself."  Opp.

7  at 17.  This is a bridge too far.  In the Ninth Circuit, materials that are "not attached to a product"

8  and that "would not 'accompany the product during the period of use' are not 'labels.'"  *Lentz v.*

9  *Sanderson Farms, Inc.*, No. 19-cv-06570-RS, 2020 U.S. Dist. LEXIS 260468, at *19 (N.D. Cal.

10  Feb. 10, 2020) (citing *Chem. Specialties Mfrs. Ass'n, Inc. v. Allenby*, 958 F.2d 941, 946 (9th Cir.

11  1992)).  That is, "accompanying materials" must be directed at a *user* of a product, not at a

12  potential purchaser, and provide instructions for use.  *Id.*; *contra Kordel v. United States*, 335

13  U.S. 345, 350 (1948) (materials accompanying drug product to provide instructions for use to

14  drug user considered part of label).  As such, advertisements, such as Rebel Creamery's website

15  and marketing efforts, are not considered labels.  *Lentz*, 2020 U.S. Dist. LEXIS 260468, at

16  *19-20 (holding that because circulars were directed at advertising product, rather than

17  informing user of instructions for use, they were not part of the product's label).

18  Plaintiffs cannot escape Rule 9(b)'s heightened pleading standard even when purporting

19  to file this suit on behalf of a class.  The Complaint fails to meet this requirement because it

20  "generally identifies allegedly misleading statements but fails to specify which statements the

21  plaintiff[s] actually saw and relied upon."  *In re Arris Cable Modem Consumer Litig.*, No.

22  17-cv-01834, 2018 U.S. Dist. LEXIS 1817, at *8 (N.D. Cal. Jan. 4, 2018).  Moreover, the named

23  Plaintiffs do not claim to have seen or relied upon any non-label statements Rebel Creamery

24  made.  There is no way for Rebel Creamery, or the Court, to assess whether the speculative class

25  members who purportedly saw and relied upon Rebel Creamery's online advertisements suffered

26  the same injury as the named Plaintiffs who did not view the online advertisements because the

27  Complaint is entirely missing the who, what, where, and how of these vague allegations.  *See*

28

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS

1   *Lentz*, 2020 U.S. Dist. LEXIS 260468, at *21 (holding complaint was deficient where plaintiffs

2   "plead with particularity several 'representative' advertisements that they consider to be false or

3   misleading," but that failed to identify which statements the plaintiffs relied upon specifically,

4   when they saw the statements, where they saw the statements, and how they relied on those

5   statements).

6          Further, the authority Plaintiffs cite as support for their new contention that the Plaintiffs

7   suffered "substantially similar" injuries are distinguishable from this case because Plaintiffs did

8   not contend that unpurchased products could be included in the Complaint.  Opp. at 18; *see, e.g.,*

9   *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-CV-01196-WHO, 2014 U.S. Dist. LEXIS 34443, at

10  *14 (N.D. Cal. Mar. 13, 2014) (articulating requirements for plaintiffs to allege that products not

11  purchased by plaintiffs caused substantially similar injury to class members to meet Rule 9(b)

12  pleading standards).  Plaintiffs are putting the cart before the horse.  Because Plaintiffs failed to

13  plead with specificity what online statements Plaintiffs saw, where they saw those statements,

14  when they saw those statements, and whether they relied upon those statements, there is no basis

15  upon which Plaintiffs can rely to support any assertion that members of the alleged class suffered

16  substantially similar injuries.  Because of these fundamental deficiencies, Plaintiffs' claims

17  arising out of alleged non-label statements must also be dismissed with prejudice.

18  **III.     CONCLUSION**

19          For the reasons stated above, Rebel respectfully requests that the Court grant its request

20  for dismissal of Plaintiffs' claims with prejudice, and for such further relief as the Court deems

21  appropriate.

22

23  Dated: March 9, 2023                    HOLLAND & HART LLP

24

25                                          */s/  Brent E. Johnson*
                                            Brent E. Johnson
26                                          *Attorneys for Defendant*

27

28

-14-

1

## <u>CERTIFICATE OF SERVICE</u>

2        I hereby certify that on March 9, 2023, I have caused the foregoing to be electronically

3  filed with the Clerk of Court using CM/ECF system, which will send notification of such filing

4  to the following email addresses:

5

6           Ryan Gustafson
GOOD GUSTAFSON AUMAIS LLP

7           2330 Westwood Blvd., No. 103
Los Angeles, CA  90064

8           jrg@ggallp.com
*Counsel for Plaintiffs and the Proposed Class*

9

10                                     */s/ Brent E. Johnson*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS