UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA DAVIS, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>REBEL CREAMERY LLC,<br><br>  Defendant. | Case No. 22-cv-04111-TSH<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 20 |

## I.  INTRODUCTION

Pending before the Court is Defendant Rebel Creamery LLC's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). ECF No. 20. Plaintiffs Davis and Bennett filed an Opposition (ECF No. 27) and Defendant filed a Reply (ECF No. 28). The Court **GRANTS IN PART AND DENIES PART** Defendant's motion for the following reasons.[1]

## II.  BACKGROUND

Defendant Rebel Creamery LLC ("Rebel Creamery") is a Utah company marketing and selling its Rebel ice cream in a variety of flavors ("Products"). ECF No. 1 ¶¶ 1, 26. Plaintiff Angela Davis is a citizen of California and purchased the Product on multiple occasions in Sonoma and Mendocino Counties, most recently in January 2021. *Id.* ¶ 19. Plaintiff Bonnie Bennett is a citizen of Michigan and purchased the Product on multiple occasions in Michigan, most recently in March 2021. *Id.* ¶ 20. In purchasing the Product, Plaintiffs relied on Rebel Creamery's "representations made on the Product that it was a 'healthy,' 'low carb,' contained 'healthy fats,' that it assisted with 'weight loss, increased energy, suppressed appetite, and mental

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 6, 23.

clarity.'" *Id.* ¶ 22. Plaintiffs understood these representations to mean that the Product was healthy, healthful, better for them, and a healthier alternative to the competition. *Id.* ¶ 23. Plaintiffs allege this impression is perpetuated by Rebel Creamery's prominent health-focused nutrient content claims without mandatory disclosures, as well as unauthorized nutrient content claims. *Id.* ¶¶ 8-9. Plaintiffs allege these representations are misleading because instead of being healthy, the Product contained dangerously high levels of saturated and trans fats. *Id.* ¶¶ 12, 23. Plaintiffs allege Rebel Creamery advertises its Product as healthy both on its labeling and in other forms of marketing. *Id.* ¶ 10.

Plaintiffs filed the instant action on July 13, 2022, seeking to bring a class action under Rule 23 on behalf of themselves and others who purchased Defendant's products. *Id.* ¶ 145. Plaintiffs define members of a "California Class" as "[a]ll persons who purchased Defendant's Products within the State of California and within the applicable statute of limitations period." *Id.* Plaintiffs define members of a "Nationwide Class" as "[a]ll persons who purchased Defendant's Products within the United States and within the applicable statute of limitations period." *Id.* Plaintiffs bring the following causes of action: 1) Violation of California's Unfair Competition Law ("UCL") (on behalf of the California Class); 2) Violation of California's False Advertising Law ("FAL") (on behalf of the California Class); 3) Violation of California's Consumer Legal Remedies Act ("CLRA") (on behalf of the California Class); 4) Breach of Express Warranties (on behalf of the Nationwide Class); 5) Breach of Implied Warranty of Merchantability (on behalf of the Nationwide Class); and 6) Unjust Enrichment (on behalf of the Nationwide Class). *Id.* ¶¶ 155-240.

On February 16, 2023, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6). ECF No. 20. On March 2, 2023, Plaintiffs filed an opposition. ECF No. 27. On March 9, 2023, Defendant filed a reply. ECF No. 28.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v.*

2

*Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.   DISCUSSION

**A.   Incorporation-By-Reference Doctrine**

As an initial matter, Rebel Creamery includes with its Motion to Dismiss an Exhibit 1, which it alleges reflects the current packaging of the Products. ECF No. 20 at 10, Exhibit 1. Rebel Creamery argues the incorporation-by-reference doctrine applies and the document should

be considered part of the Complaint. *Id.*

Normally, when adjudicating a motion to dismiss brought pursuant to Rule 12(b)(6), the Court's consideration of extra-pleading materials is limited and matters outside of the pleading cannot be considered without converting the motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6); 12(d). The incorporation-by-reference doctrine, however, "is a judicially created doctrine that treats certain documents as though they are part of the Complaint itself" and thus allows the Court to consider documents not necessarily attached to the Complaint. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A court may consider documents under the doctrine of incorporation-by-reference provided the complaint "necessarily relies" on the document or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). "The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

Plaintiffs do not contest the authenticity or relevance of the document, and the Court agrees that the Complaint and Plaintiffs' claims necessarily rely upon the Product packaging. Therefore, the Court considers the document incorporated for purposes of this Motion. However, the Court notes that Exhibit 1 does not include the entirety of the Product packaging, only the front label. ECF No. 20 at 23-24, Exhibit 1. This makes Exhibit 1 unhelpful, given that the principal problem with the Product label identified in the Complaint is on the back of the label. ECF No. 1 ¶ 33. It is also unclear when the label in Exhibit 1 became the current Product label. Further, while the Motion to Dismiss refers to this new packaging in the Statement of Facts, there appears to be no reference to the new packaging in the substantive arguments in favor of dismissal. In sum, the Court finds minimal utility in the document for deciding this Motion.

**B.     Statutory Standing**

Rebel Creamery argues that Plaintiffs do not allege that they relied upon Rebel Creamery's online statements as is required to have standing under the FAL, CLRA, and UCL to challenge Rebel's online marketing. ECF No. 20 at 16-19. Therefore, according to Rebel Creamery, the claims arising from those statements must be dismissed. *Id.* at 19.

Because Plaintiffs allege causes of action under the FAL, the CLRA, and the UCL, they must demonstrate standing under those statutes. *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2015 WL 4967535, at *7 (N.D. Cal. Aug. 20, 2015) (citing *Bruton v. Gerber Prod. Co.*, 961 F. Supp. 2d 1062, 1086 (N.D. Cal. 2013)). To have standing under the FAL and the CLRA, a plaintiff must claim to have relied on an alleged misrepresentation. *See Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 322 (2011) (plaintiff alleging a claim under the FAL must allege, inter alia, "that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim") (emphasis in original); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010) (finding plaintiff's CLRA claim failed because plaintiff failed to allege facts showing that he relied on any representation by defendant).

Under the UCL, a private person has standing only if she "has suffered injury in fact and has lost money or property *as a result* of the unfair competition." Cal. Bus. & Prof. Code § 17204 (emphasis added). The "as a result" language means that actual reliance is necessary for standing. *See Kwikset Corp.*, 51 Cal. 4th at 326-27; *In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009) (stating that a plaintiff "proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate actual reliance on the allegedly deceptive or misleading statements . . . ."). "The reliance requirement applies not only to UCL claims asserted under the fraud prong of section 17200 but also to claims asserted under the 'unlawful' and 'unfair' prongs where those claims are predicated on misrepresentation and deception." *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 834-35 (N.D. Cal. 2021). Plaintiffs do not contest that reliance is a necessary component for Plaintiffs to have standing under the UCL, FAL, and CLRA.

Rebel Creamery does not contest standing for the alleged misrepresentations on the Product label. ECF No. 20 at 19. However, Rebel Creamery does contest standing for claims

based on online marketing statements, contending that Plaintiffs do not plead reliance on these statements. *Id.* at 16-19. The Court notes the Complaint alleges for both Plaintiffs that they "saw and relied upon Defendant's marketing *and* labeling representing that the Products were healthy, healthful, better for her, and a healthier alternative to the competition." ECF No. 1 ¶¶ 19(a), 20(a) (emphasis added). Based on the Complaint's identification of Defendant's "marketing," the Court does not agree that Plaintiffs have failed to plead any reliance on Rebel Creamery's online advertising and marketing. The Court also notes that Rebel Creamery argues that the Complaint fails to satisfy Rule 9(b) because it fails to identify reliance on the online statements with sufficient specificity. ECF No. 20 at 18-19. The Court addresses this argument below.

Accordingly, the Court **DENIES** Rebel Creamery's Motion to Dismiss Plaintiffs' claims based on lack of statutory standing.

**C.    Rule 9(b)**

Rebel Creamery argues that Plaintiffs did not specify the statements upon which their fraudulent advertising claims are based. ECF No. 20 at 12-14; ECF No. 28 at 10-11. Rebel Creamery also argues that Plaintiffs' allegations that they relied on "Defendant's marketing and labeling representing that the Products were healthy, healthful, better for her, and a healthier alternative to the competition" are impermissibly vague and that Rebel Creamery never actually advertised its Products this way. ECF No. 20 at 12-14.

Where a plaintiff asserts a claim sounding in fraud, the plaintiff must "state with particularity the circumstances regarding fraud or mistake." Fed. R. Civ. P. 9(b). A claim sounds in fraud if the plaintiff alleges "a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). The context surrounding the fraud must "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). Thus, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th

6

Cir. 1997)).

Plaintiffs do not contest Rebel Creamery's assertion that they are required to comply with Rule 9(b) in their pleadings. *See also In re Apple & AT & T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1075 (N.D. Cal. 2011) (finding plaintiffs must comply with Rule 9(b) for CLRA, UCL, and FAL claims). The Court finds that Plaintiffs have identified Rebel Creamery's challenged label statements with enough specificity to satisfy Rule 9(b). The Complaint cites to the following description on the label of the Product: "Many have discovered that eating foods high in healthy fats and low in carbs/sugar trains your body to burn fat instead of sugar as an energy source. Common benefits people may experience on a low carb, high fat diet are weight loss, increased energy, suppressed appetite, and mental clarity." ECF No. 1 ¶ 32. The Complaint alleges that Plaintiffs relied on Rebel Creamery's "representations made on the Product that it was a 'healthy,' 'low carb,' contained 'healthy fats,' that it assisted with 'weight loss, increased energy, suppressed appetite, and mental clarity.'" ECF No. 1 ¶ 22. The Complaint states that Plaintiffs understood those representations to mean that the Product was healthy and a healthier alternative to the competition, but that these statements were misleading based on the high levels of saturated and trans fats in the Products. *Id.* ¶ 23. Despite Rebel Creamery's arguments, the Court does not understand Plaintiffs to be alleging that Rebel Creamery made the actual, verbatim statement that the "Product[s] [are] healthful, healthy, constituting of healthy fats, and healthier alternative to competitors." ECF No. 28 at 10 (quoting ECF No. 27 at 10, 23; ECF No. 1 ¶¶ 19-21, 23, 130, 132, 166, 173, 179, 187, 191, 194, 205). To the extent that Plaintiffs are alleging Rebel Creamery made that particular statement, the Court agrees with Rebel Creamery that the Complaint fails to identify where or when that statement was made.

Rebel Creamery also argues in its reply that the Complaint does not include allegations referred to in the opposition regarding low carb or nutrient content claims. ECF No. 28 at 11-12. However, the Court finds that the Complaint clearly refers to the "low carb" language and nutrient content claims on the Product label. *See* ECF No. 1 ¶¶ 5-6, 31, 111-14. Further, the Complaint alleges the "low carb" and "healthy" terms contributed to Plaintiffs' understanding that the Product was healthy, healthful, better for them, and a healthier alternative to the competition

despite containing dangerously high levels of saturated and trans fats. *Id.* ¶¶ 22-23. The Complaint also alleges that "low carb" is an improper nutrient content claim because there is no definition of "low carb" and thus the Product is misbranded under the federal regulations. *Id.* ¶¶ 111-14. Additionally, Plaintiffs claim that "healthy" is a nutrient content claim and the label statement "healthy fats" violates federal regulations because the term "healthy" cannot be used unless the food is low in fat, low in saturated fat, and below certain cholesterol levels. *Id.* ¶¶ 96-106. According to the Complaint, the Product also must include a disclosure statement because it contains a nutrient content claim and exceeds relevant thresholds in fat, saturated fat, and cholesterol. *Id.* ¶ 109. The Complaint notes that Rebel Creamery's omissions and misrepresentations are misleading because they lead reasonable consumers to believe the Products contain healthy fat and are better, healthier, and more nutritious than competing products. *Id.* ¶¶ 128-29.

In sum, the Court finds that Complaint does sufficiently identify the allegedly misleading statements on the Product labeling and explain the basis for arguing they are misleading. These allegations are sufficient for Rule 9(b). *Cf. Brazil v. Dole Food Co., Inc.*, No. 12-CV-01831-LHK, 2013 WL 5312418, at *9 (N.D. Cal. Sept. 23, 2013) (finding Rule 9(b) satisfied because "[f]or each category of representations challenged, the SAC identifies the regulations that the representations allegedly violate, states why the representations allegedly violate these regulations, and states why a reasonable consumer would be misled by these alleged regulatory violations.").

Regarding Defendant's online marketing and advertising, however, the Court agrees with Rebel Creamery that the Complaint fails to sufficiently identify the marketing that Plaintiffs saw and relied upon to satisfy Rule 9(b). ECF No. 20 at 18-19. Courts in this district "have held that a plaintiff does not satisfy Rule 9(b) when the plaintiff generally identifies allegedly misleading statements but fails to specify which statements the plaintiff actually saw and relied upon." *Tabler v. Panera LLC*, No. 19-CV-01646-LHK, 2019 WL 5579529, at *12 (N.D. Cal. Oct. 29, 2019) (quoting *In re Arris Cable Modem Consumer Litig.*, No. 17-CV-01834-LHK, 2018 WL 288085, at *8 (N.D. Cal. Jan. 4, 2018)). The Complaint alleges that Plaintiffs relied upon "marketing" in purchasing the Product, but apart from the Product labeling, the Complaint does not specify the

8

actual marketing upon which Plaintiffs relied. ECF No. 1 ¶¶ 19(a), 20(a). The Court understands this reliance on "marketing" to refer to online statements, but the Complaint does not specify the advertising at-issue. The reference to marketing on its own is insufficient to satisfy Rule 9(b) as to these online statements. *Cf. Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 964 (N.D. Cal. 2013) (finding the complaint fails under Rule 9(b) because it "does not clearly indicate the content of the labels upon which Brazil allegedly relied when making his purchases or the advertisements and website statements that he saw and supposedly found misleading."). Thus, while the Court finds the Rule 9(b) satisfied as to the Product labeling, the Court also finds Rule 9(b) not satisfied as to the online marketing.

Rebel Creamery additionally argues in a footnote in its reply that the Complaint fails under Rule 9(b) because Plaintiffs fail to specify how Rebel Creamery violated the Sherman Law and how Plaintiffs were harmed. ECF No. 28 at 8. Although Rebel Creamery did invoke Rule 9(b) in its Motion to Dismiss, Rebel Creamery focused on the failure to specifically identify misleading advertising statements and did not refer to the Sherman Law. *Compare* ECF No. 20 at 12-14, 18-19, *with* ECF No. 28 at 8. Rebel Creamery's argument in reply regarding the Sherman Law is a departure from that initial argument. "It is inappropriate to consider arguments raised for the first time in a reply brief." *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006). *See also United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) ("arguments not raised by a party in its opening brief are deemed waived.") (quoting *Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir. 1999)). Therefore, the Court does not address Rebel Creamery's arguments as to the Sherman Law here.

Accordingly, the Court **DENIES** Rebel Creamery's Motion to Dismiss pursuant to Rule 9(b) to the extent the claims are based on the labeling. The Court **GRANTS** Rebel Creamery's Motion to Dismiss pursuant to Rule 9(b) as to the online marketing and advertising.

**D.     FAL, CLRA, and Common Law Claims**

Rebel Creamery argues that the targeted consumers of Rebel Creamery's products, specifically "those consumers who adhere to the Keto Diet," would not be misled by Rebel Creamery's claim of "healthy fats" and thus Plaintiffs' FAL, CLRA, and common law causes of

1   action should be dismissed.  ECF No. 20 at 9, 14-16.  Additionally, Rebel Creamery argues that its
2   Products do not claim to contain "healthy fats."  *Id.* at 15.  Plaintiffs respond that the analysis is
3   based on the reasonable consumer, not the reasonable consumer of Keto products, and that the
4   advertising is deceptive because the healthy fats statement, the nutrient content claims, and the
5   omission of a disclosure statement as to the amount of saturated fats all mislead the reasonable
6   consumer as to the healthiness of the Products in light of the saturated fat content.  ECF No. 27 at
7   16-22.

8   Pursuant to California law, the CLRA prohibits statutorily specified "unfair methods of
9   competition and unfair or deceptive acts or practices" which result "in the sale or lease of goods or
10  services to any consumer" and the FAL makes unlawful "untrue or misleading" advertising.  Cal.
11  Civ. Code § 1770(a); Cal. Bus. & Prof. Code § 17500.

12  "Under the FAL, the CLRA, and the fraudulent prong of the UCL, conduct is considered
13  deceptive or misleading if the conduct is 'likely to deceive' a 'reasonable consumer.'"  *Hadley v.*
14  *Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1063 (N.D. Cal. 2017) (quoting *Williams v. Gerber*
15  *Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).  Plaintiffs do not dispute that these particular
16  claims are assessed under the reasonable consumer test.  "'Likely to deceive' implies more than a
17  mere possibility that the advertisement might conceivably be misunderstood by some few
18  consumers viewing it in an unreasonable manner."  *Lavie v. Procter & Gamble Co.*, 105 Cal. App.
19  4th 496, 508 (2003).  "Rather, the phrase indicates that the ad is such that it is probable that a
20  significant portion of the general consuming public or of targeted consumers, acting reasonably in
21  the circumstances, could be misled."  *Id.*  "In determining whether a statement is misleading under
22  the statute, 'the primary evidence in a false advertising case is the advertising itself.'"  *Colgan v.*
23  *Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 679 (2006), *as modified on denial of reh'g*
24  (Jan. 31, 2006) (quoting *Brockey v. Moore*, 107 Cal. App. 4th 86, 110 (2003)).

25  Whether a business practice is deceptive is an issue of fact not generally appropriate for
26  decision on a motion to dismiss.  *See, e.g., Williams*, 552 F.3d at 938-39 (citing *Linear Tech.*
27  *Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134-35 (2007)).  The Ninth Circuit has
28  emphasized that under the reasonable consumer test, it is a "rare situation in which granting a

motion to dismiss is appropriate," *Williams*, 552 F.3d at 939, because "it raises questions of fact." *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015). Thus, for purposes of this order, the Court need only decide whether it is plausible that "'a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (quoting *Lavie*, 105 Cal. App. 4th at 508).

Rebel Creamery argues that the Court's analysis should be limited to the target audience of "consumers who adhere to the Keto Diet" and that such consumers would not reasonably be misled by the Product advertising. ECF No. 20 at 14-16. The Court disagrees that the reasonable consumer analysis is limited here to consumers of the Keto Diet. Some courts have limited the "reasonable consumer" assessment to the targeted consumer of the product. *See Lavie*, 105 Cal. App.4th at 512 ("Where the advertising or practice is targeted to a particular group or type of consumers, either more sophisticated or less sophisticated than the ordinary consumer, the question whether it is misleading to the public will be viewed from the vantage point of members of the targeted group, not others to whom it is not primarily directed."). However, where courts apply a more limited inquiry, the targeted demographic generally is plainly apparent. *See, e.g., People v. Johnson & Johnson*, 77 Cal. App. 5th 295, 319 (2022), *as modified on denial of reh'g* (Apr. 27, 2022), *review denied* (July 13, 2022), *cert. denied sub nom. Johnson & Johnson v. California*, 143 S. Ct. 847 (2023) (focusing on doctors as the targeted consumers in case alleging defendant misleadingly advertised surgically-implantable transvaginal pelvic mesh products); *Patricia A. Murray Dental Corp. v. Dentsply Int'l, Inc.*, 19 Cal. App. 5th 258, 272, 273-275 (2018) (analyzing whether the directions for an "ultrasonic scaler (Cavitron) for use during oral surgical procedures" were misleading to the target audience of dentist consumers). Here, the Complaint alleges that Rebel Creamery markets and distributes its ice cream Products in retail stores across the United States, with common ice cream flavors such as vanilla, chocolate, strawberry, salted caramel, and so on, and that the Products' competitors include the widely distributed Breyers ice cream brand. ECF No. 1, ¶¶ 22, 91 & Exhibit A. The Complaint therefore does not allege facts supporting that the Product advertising is so directly focused on Keto Diet

11

consumers. *Compare Horti v. Nestle HealthCare Nutrition, Inc.*, No. 21-CV-09812-PJH, 2022 WL 2441560, at *7 (N.D. Cal. July 5, 2022) (referring to targeted consumer group of persons with diabetes where the complaint had particularly alleged the product misleadingly claimed to prevent and treat diabetes). The Court therefore declines to adopt such a narrow framing at this stage.

Applying the reasonable consumer standard, the Court finds it plausible that a reasonable consumer could be misled that the Rebel Creamery Products are healthy and contain "healthy fats," when, according to the Complaint, they actually contain dangerously high levels of saturated and trans fats. ECF No. 1 ¶¶ 52-59. Rebel Creamery argues that a consumer would reasonably look to the nutrition facts panel to assess "whether the Ice Cream's fat and carbohydrate contents meet their dietary goals." ECF No. 20 at 16. However, the case law is clear that disclosure in the nutrition facts panel will not remedy a misleading statement elsewhere on the product. "[R]easonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Williams*, 552 F.3d at 939. *See Ackerman v. Coca-Cola Co.*, No. CV-09-0395 (JG), 2010 WL 2925955, at *16 (E.D.N.Y. July 21, 2010) ("The fact that the actual sugar content of vitaminwater was accurately stated in an FDA-mandated label on the product does not eliminate the possibility that reasonable consumers may be misled."). Here, the description of "healthy fats" suggests that the product is, in fact, providing healthy fats and the nutrition facts panel cannot provide a remedy by disclosing information about the fats if they are, instead, unhealthy saturated and trans fats. *See Delacruz v. Cytosport, Inc.*, No. C 11-3532 CW, 2012 WL 1215243, at *6 (N.D. Cal. Apr. 11, 2012) (finding a reasonable consumer could be misled by advertising that a product contained "healthy fats" when instead it contained saturated fats and that the nutrient label cannot cure that misrepresentation); *Williams*, 552 F.3d at 939 ("We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception."). The Court finds the challenged statements plausibly could mislead a reasonable consumer, and thus Defendant cannot rely on the Nutrition Facts Panel to correct those potential misleading statements.

Rebel Creamery seeks to distinguish the Product label statements by arguing they were not made about the Products themselves, but rather about the Keto diet generally. ECF No. 20 at 13-16. Rebel Creamery specifically points to the statement that "[m]any have discovered that eating foods high in healthy fats and low in carbs/sugars trains your body to burn fat instead of sugar as an energy source. Common benefits people may experience on a low carb, high fat diet are weight loss, increased energy, suppressed appetite, and mental clarity." *Id.* at 13; ECF No. 1 ¶ 32. The Court does not agree that the statements clearly refer solely to the Keto Diet and not to the Product upon which they are affixed. The idea that Rebel Creamery put a statement about the benefits of healthy fats on its Products, but did not intend, nor find reasonable, that a consumer would interpret the statement to imply that the product contains healthy fats, is not compelling. The language on the Products is not such that the Court can conclude that it would be unreasonable for a consumer to understand the statement to refer to the Product.

The same analysis applies to Rebel Creamery's argument that the "healthy fats" statement on Rebel Creamery's product is not a nutrient content claim and thus cannot be misleading. The Court understands Rebel Creamery's argument to be that the statement cannot be a nutrient content claim because "healthy fats" is not connected to the nutrient content of the Product, but rather is a statement about the Keto Diet generally. ECF No. 28 at 12. Again, the Court does not find appropriate to conclude as a matter of law that Rebel Creamery's "healthy fats" statement is solely in reference to the Keto Diet and not a reference to the Product. Thus, Rebel Creamery's argument fails in this regard.

The Court notes that Plaintiffs make arguments in their opposition regarding whether the failure to include a disclosure statement as well as the use of nutrient content claims is deceptive. ECF No. 27 at 18-20. Rebel Creamery does not appear to challenge Plaintiffs' claims based on the lack of a disclosure statement nor nutrient content claims, except to say that they were not adequately alleged in the Complaint and that a reasonable consumer would not conclude that the Products are low in fat. ECF No. 28 at 11-12. The Court has addressed the former argument in its Rule 9(b) analysis. As to the latter, the Court does not understand Plaintiffs to be alleging that the labeling is misleading because it suggests that the Product is low in fat, but, rather, that it is

13

1  misleading because the Product contains unhealthy fats.  Rebel Creamery's argument that a

2  reasonable consumer would not be misled by the Product labeling fails on this point as well.

3        Accordingly, the Court **DENIES** Rebel Creamery's Motion to Dismiss Plaintiffs' FAL and

4  CLRA claims.  Rebel Creamery denotes Plaintiffs' common law causes of action as derivative of

5  the FAL and CLRA claims and thus the Court **DENIES** Rebel Creamery's Motion to Dismiss on

6  the same basis as to those claims.  ECF No. 20 at 9.

### E.    UCL Claims

8        Rebel Creamery argues that Plaintiffs' UCL claims fail because a reasonable consumer

9  would not be misled by the "healthy fats" Product statement.  ECF No. 20 at 19-20.  Plaintiffs

10  argue that their UCL claims pursuant to the unlawful prong of the UCL are based on violations of

11  the Sherman Law and the FDCA and thus the reasonable consumer test does not apply.  ECF No.

12  27 at 9-10.  Plaintiffs additionally argue that Rebel Creamery's representations and omissions

13  would be misleading to the reasonable consumer and thus they have sufficiently pled claims under

14  the unfair and fraudulent prongs of the UCL.  *Id.* at 13-22.

15        The UCL creates a cause of action for an "unlawful, unfair or fraudulent business act or

16  practice."  Cal. Bus. & Prof. Code § 17200.  The prongs of "unlawful," "unfair," and "fraudulent,"

17  are treated distinctly, but "[g]enerally, a violation of the FAL or the CRLA is also a violation of

18  the fraudulent prong of the UCL."  *Hadley*, 273 F. Supp. 3d at 1063.

19        As discussed above, the Court has determined that a reasonable consumer could be misled

20  by the healthy fats statement on Rebel Creamery's Product.  Thus, the Court similarly finds that

21  Plaintiffs have adequately pled that "healthy fats" could plausibly mislead a reasonable consumer

22  under the UCL.  *See id.* at 1096 (granting and denying defendant's motion to dismiss unlawful and

23  unfair UCL claims under 21 U.S.C. § 343(a) to the same extent the court granted and denied the

24  CLRA, FAL, and fraudulent prong UCL causes of action).  The Court notes that Plaintiffs contest

25  whether the reasonable consumer standard applies to the UCL unlawful claims, but the Court does

26  not reach this issue based on its determination as to the other claims and Rebel Creamery not

27  otherwise raising arguments regarding Plaintiffs' unlawful claims.

28        Accordingly, the Court **DENIES** Rebel Creamery's Motion to Dismiss Plaintiffs' causes

of action pursuant to the UCL.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Rebel Creamery's Motion to Dismiss. The Court **GRANTS** dismissal of the causes of action to the extent they are premised on online advertising and marketing. The Court otherwise **DENIES** dismissal of those claims. The Court **GRANTS** Plaintiffs leave to amend. Plaintiffs may file a First Amended Complaint on or before April 24, 2023.

**IT IS SO ORDERED.**

Dated: March 23, 2023

THOMAS S. HIXSON
United States Magistrate Judge